Case number 19-5964 United States of America v. Patrick Ryan Smith Argument not to exceed 15 minutes per side. Mr. Desi, you may proceed for the appellants. Good morning, your honors. May it please the court. Michael Desi, I'm here this morning on behalf of Patrick Smith. I'm appointed under the Criminal Justice Act to represent him in this appeal. Your honors, I would like to reserve five minutes for rebuttal. If I may, I did let the I would like to just kind of touch on a few issues. I know that there's an issue of a procedural default in the case, so I feel like it's probably best to start with that issue so that we can then, if we have the time, still discuss the merits. I've made an argument in my reply brief about the procedural default. The standard in the case law essentially as to if a party fails to file objections at the district court that that is considered a procedural default and that party would then be precluded from arguing that issue on appeal. However, there are exceptions to that and the court has said, the U.S. Supreme Court has said that the court may resolve and consider those issues in the interest of justice and that's never really been fleshed out with too much specificity as to what exactly constitutes in the interest of justice. There have been some cases where this court has found that a change in law might satisfy the interest of justice. In this case, I'm arguing that there's an issue of ineffective assistance of counsel and that that issue in and of itself is sufficient to excuse the procedural default. Now, I understand generally that with an ineffective assistance of counsel argument, those are made by a party in a post-conviction, a post-conviction proceeding like a motion under 2255. However, what I'm asking the court to consider here is that the record is sufficiently developed on the issue. There really can't be or no reason that I could discern a strategy or a professional discretion as to why counsel would have failed to at a minimum file those objections given that the issue was dispositive and the failure to file that objection essentially resulted in both an appellate waiver of an issue that was arguably dispositive of the Interrupt you right there. I have a question based on what you just said and then one slightly broader question. In connection with why we defer normally IAC questions is that we don't know why lawyers did what they did. So isn't it at least conceivably possible that the lawyer and your client did discuss this and your client for whatever reason told him not to file a motion, not to object? He just wanted to go to trial and he wanted to get it over with? Well your honor, I don't disagree that generally it's not difficult to think of some conceivable reason. It's interesting because actually this morning I myself was sitting, I was thinking to myself what could be a conceivable reason why you wouldn't preserve the issue to file objections. Yeah it's certainly it's possible that the client could say I'm not going to but at the same time you know the client essentially went to trial only to because after the issue was resolved against him you know he really didn't at least in his opinion he didn't believe they had an option or they would have had any any better result had he just said well okay I'm going to plead at this point I'm at least going to try the issue again and see what a jury says about it. I don't know what the conceivable issue could be. I mean it's simply a matter of preserving it's more of an strategic decision like whether I'm going to call a certain witness or whether I'm going to make a certain argument during my opening or closing statement. Maybe I'm going to argue that there wasn't constructive possession or there wasn't actual possession. I don't know but in this case it really wasn't a it was a it constituted an appellate waiver so it was dispositive and given that the client was so insistent on filing it in the first instance I just can't think of why you wouldn't have at least filed the objection to preserve it. I guess the point is we don't know do we? Well I agree we don't know. I don't want to spend all your time on this particular one. I understand. So more importantly taking this to the next step we have cases that basically set for three factors that we look at to excuse forfeitures of this type and none of you don't seem to make a claim that the reason why we should excuse this fits within any of the recognized reasons or factors that this court has set forth. Is that is that a fair statement? Well I agree your honor that there have been certain instances in which the court has defined what would constitute a proper an excuse to set aside the procedural default but I also think it's a fair statement to say that the case the case law isn't that fairly developed as to other instances and I couldn't find any cases in which the procedural default was set aside or was specifically addressed in the context of a failure to file objections. All right let me let me be more specific you know what the three factors are that we've cited in the cases right? Correct. Are you claiming that this case falls within under any of those three factors? I agree no your honor I agree it doesn't fall within the factors that the court has applied in the past. So so what you're what you're then seeking is that we we extend these factors to include ineffective assistance of counsel and have you found any cases anywhere that have employed ineffective assistance at counsel on direct review for purposes of of a forfeiture or waiver? I have not found any cases your honor that hold that point and the reason I was arguing the supreme court's decision in Kimmelman was because that was an ineffective assistance of counsel claim in the context of a motion to suppress. I understand it arises in a different procedural context however the the import of why I was citing to the supreme court's decision in Kimmelman is because in that case the court the supreme court did say that the that the government must bear the burden of an ineffective assistance of counsel claim and that that particular claim is sufficient to to review a claim of a fourth amendment ineffective assistance of counsel as to failing to file a search and seizure. So by analogy I'm arguing that I believe there's at least a sufficient basis and the supreme court's precedent to extend the holding as to setting aside the forfeiture in this case given that it's never been that clearly defined. The supreme court and Thomas V. Arndt said in a footnote that they think certain instances that may constitute an arguable basis to set aside the forfeiture would be for harmless error if something is harm meets a harmless error standard. So that might be one way to look at it but it certainly isn't the only way. I understand that this court's case law has merely said in certain instances while a change an intervening change in the law may be sufficient to set aside the forfeiture but I don't believe your honor that that should be the only grounds in this case where arguably it resulted in a waiver of my client's rights to to argue the issue on appeal and as to the merits I mean we have pretty there's a pretty strong record on the merits as to the unreasonableness of the of the search and even if we were to assume that the officers had reasonable suspicion to initiate the Terry stop I mean the officer essentially testified there wasn't anything illegal about being on this property he testified that he didn't have any there was nothing illegal illegal going on even after he talked to the defendant asked him for his id uh asked him some few questions so you're five six minutes into the stop and at this point the officer openly testified no reason here of then continues for another six minutes you have 11 minutes into the stop and they're searching the car so I mean what I'm what I'm essentially asking the court to consider is at least in this instance um there should there there isn't any discernible reason why counsel wouldn't have at least filed those objections at a minimum to preserve the issue and that that ineffective assistance of counsel should inure to the benefit of the client and as as the supreme court said in of that responsibility for the ineffective assistance and in Kimmelman the supreme court made clear that the sixth amendment right prevails uh that is the right that they're not going to uh set aside in the interest of saying and finding some sort of forfeiture for a fourth amendment claim and that was why the supreme court said in Kimmelman that um you know it would not act as a bar and that they would consider it under that analysis so I understand your honor uh your point justice uh judge mckee and I understand that there is not a case on all fours but there is certainly enough authority to suggest that the ineffective assistance of counsel claim would be a sufficient basis to set aside the non-jurisdictional waiver issue to at least consider it in the instance and given the strength of the merits it makes it even that much more questionable why counsel wouldn't have filed the objections but in order in order to pursue this then we have to basically look first at the merits and if we agree that this would have been a meritorious motion to suppress then backward then we go backwards and say you had to have raised it you didn't so therefore we grant we grant relief we're here I mean I understand that that you disagree but there are some there's some very good reasons on the merits on taking the other side of the case there are very some very good reasons on the merits why the motion to wouldn't have been granted anyway well your honor I mean I mean I may disagree with you on that on that particular point about the merits of the suppression issue when I read the transcript I mean the district judge never cited to the testimony of the officers which essentially the officer said look I didn't see anything illegal and in fact I'd like to just look around to see if I find anything I see that my time's up but I I will uh answer any questions on rebuttal if you have any for me your honors thank you Mr. McLaurin good morning may it please the court my name is Luke McLaurin and I'm here on behalf of the United States the district court suppression ruling in this case should be affirmed for three independent reasons first it should be affirmed because Mr. Smith waived his right to appeal that recommendation second the suppression ruling should be affirmed because the district court got the fourth amendment analysis right the officers in this case stopped Mr. Smith based on a reasonable suspicion that he was trespassing they then investigated that suspicion in a diligent and expeditious manner finally the suppression ruling should be affirmed because the officers in this case acted in the good faith belief that their conduct was in fact lawful and any fourth amendment error that they may have committed was not sufficiently culpable as to warrant application of the exclusionary rule I would like to begin with the waiver issue because I think that is the clearest and most straightforward way in which the court can resolve this appeal it's been well settled for a number of years now that in order to challenge a magistrate judge's suppression ruling on appeal a party must first object to that ruling in the district court it's undisputed that this particular case the magistrate judge reminded Mr. Smith of that rule in the report and recommendation and despite that reminder Mr. Smith did not file any objections to that report and recommendation under this court's precedent that is a clear waiver should it be considered a forfeiture as opposed to a waiver under the Olano Supreme Court case well the um the way that this court has treated it is as a waiver they basically treated it as a knowing relinquishment of your right when you have a situation where the district court in the magistrate judge has specifically informed parties of this rule that that is how this court has consistently treated it that's how this court's case law has treated it is that when you have cases that call let's say that upon reflection of Olano it should be considered a forfeiture in which case we should consider whether there are reasons to allow consideration um this court has has treated it as a waiver that that's the language that the court has used um it it has it has essentially treated it if you use the Olano framework as though this were more than just a forfeiture that it becomes a knowing and voluntary relinquishment of the right when the person is specifically informed of this by the district court that that's how the court has traditionally applied this rule in the past now admittedly your honor um the court has recognized that you can have exceptions i'm excuse me judge more did you have a question i was going to give you a case but i was also wondering if you had a particular case in the criminal context that you would cite for that principle i believe that that there was one of the cases we cite in our brief that um i don't have in front of me right this second but it does discuss um how uh the uh failure to object to a magistrate judge's ruling should be treated in the same way as an express appellate waiver in a plea agreement in a criminal context yeah yes your honor that that this this court has said that but but i i certainly do recognize that the court can craft an exception this is a waiver rule that was created by the court it certainly can craft an exception the question is whether it should and as judge mckeague has correctly pointed out none of the in this case in which i shouldn't ineffective assistance of counsel be a basis for an exception and here there would appear to be no legitimate reason for failing to file objections to the magistrate r and r your honor ineffective assistance of counsel shouldn't be a reason because it's an exception that would swallow the regular rule and as the conversation with judge is the case because in almost every one of these situations where you have a defendant who doesn't object to the magistrate judge's report and recommendation or doesn't raise the kind of objections the defendant would later like to raise on appeal he's going to be able to point back and say my attorney was ineffective and in almost every one of these situations the court is not going to be in a position with a clear record to really address the deficiency prong of the ineffective assistance analysis and so the only way that it could assess whether there is in fact a true ineffective assistance claim that merits uh going to the merits of the case would be to to look at the prejudice problem and if it to do that it's going to essentially have to engage with the merits and so by creating this as an exception the court would be creating an exception that would swallow the rule that would defeat the whole point of having the waiver rule because it would require the court to engage with the merits to determine whether or not it should engage with the merits and again that would defeat the whole point of having this waiver rule um any legitimate reason for defense counsel not to object to this r&r yes i i think there could have been reasons in this case we don't know uh all the reasons that were going on defense counsel's mind but there certainly could have been reasons this is a case where the the defendant in this case was insisting on going to trial he knew he wanted to go to trial and it might have been a reasonable strategy on the part of defense counsel to say look i've lost this suppression ruling i don't think there's really strong bases to challenge the suppression ruling in front of the district court because i think the magistrate just provided some pretty good reasons that i'm gonna have a hard time challenging and it is a better use of my time energy and resources to focus on preparing for this trial and i think there were a lot of issues uh legitimate issues to be contested and that in fact were contested at this trial uh this this wasn't a slam dunk possession case and i think defense counsel could have made a reasonable strategic decision that instead of focusing my resources on challenging a suppression ruling but i don't think i have a really solid basis to challenge i'm going to focus my resources on preparing for trial that would have been a responsible reasonable strategic decision we simply don't know what the decision was that was made how it was made why it was made and that that's another reason why it's it would not be very helpful to craft an ineffectiveness in the council exception because a lot of the kinds of information that the court would need to have to resolve the ineffectiveness since the council question is frequently not going to be in front of the appellate court that's why this court is your suggestion then and i understand that normally iac claims are reserved for the 2255 stage so is your suggestion then that at the 2255 stage if mr todd proceeded um that if his counsel said you know it was just because i missed a deadline that then uh the district court should review the the merits of the suppression issue at that point to decide whether there was iac uh not exactly your honor i i think if counsel were to get up there and say you know i just missed the deadline that might be evidence of deficient performance but it wouldn't necessarily show constitutionally ineffective assistance because the court would then have to assess whether or not that deficient performance actually prejudiced the defendant and um one of the easiest ways and usually when the case is in front of the sixth circuit probably one of the only ways that the court would be able to assess that is is to functionally engage with the merits and say well you can't possibly have been to object there's no reason to believe that the outcome of the proceedings would have been different had you raised these objections because your objections are meritless uh that's certainly one way so the merits then would be able to be examined under the same standard as we would be examining them now uh well the merits would be examined under uh they would be examined in the context of assessing a prejudice prong analysis of ineffective assistance um we discussed that here now if we went down that path too right uh certainly if the court i mean the court would if the court wanted to determine whether there was ineffective assistance of counsel here that justified excusing the waiver one way in which it could assess whether there was ineffective assistance counsel would be to engage with the merits and that's the very reason that we're suggesting the court not craft an ineffective assistance of counsel exception to the waiver rule because that kind of exception would functionally swallow the rule and we require i'm trying to get at and and i i really would appreciate you know an honest and direct answer to this is if we were to go down your path and say normally iac is to be raised in a 2255 where there can be evidence of what was motivating this lawyer not to object then if we were to go down that path and say that's the time to raise this then the same issues that are arguably in front of us if we excuse the forfeiture or waiver would be in front of the district court initially on the 2255 and then appeal in front of us there's nothing different about the issues because the focus that you're saying we would have would be the prejudice problem because my hypothetical is which i think is is a possibility here that the trial lawyer just failed to object because he missed the deadline you know but that's my hypo so if that's the case because i you know it's hard for me to see a legitimate reason for a trial lawyer not to file objections to an r&r that's totally adverse to your client but you're agreeing with me that the prejudice prong analysis would be the same if it went through a 2255 is that right i i think part of the part of the prejudice prong analysis uh could certainly involve um looking at the merit so i think i think it you you would be engaging in a similar type of analysis uh yes but the district court wouldn't necessarily have to engage in that analysis depending upon the deficiency thing now in your hypothetical i think that that would that would likely present a strong case of worst yes in your hypothetical but i don't think we can presume that in this particular case if there is a 2255 raise that a district court is necessarily going to have to engage with the merits because again the court would could you know uh would only necessarily need to do that if it found that there was deficient performance and was then focused on the prejudice problem but again our whole point is if you're looking at you know uh it's an undisputed waiver in this case the question is should you craft an exception a new exception a brand new exception that has never been recognized in the court's case law before or ineffective assistance to counsel and we're saying the court is there any case that holds the opposite in terms of a binding case that you can't use iac in a criminal case where the defendant's lawyer has failed to object to a very adverse decision on a motion to suppress your honor i'm not aware of a case in this circuit that is expressly said that ineffective assistance of counsel uh is not an exception but i'm also not aware of any case where the court has said that it does qualify as an exception and the case law about the exceptions on the waiver rule is very clear that it should be an where somebody's constitutional rights may be at stake that alone isn't of itself enough of a basis to justify excusing the waiver rule and so i think little cases yes those are those are criminal cases that have said that that this should be an extraordinary to be a extraordinary compelling circumstance and an example of that is when you have say new case law that comes out you have a supreme court decision that comes out after the district court decided the issue and the of course at that point it is far more in the interest of justice for the sixth circuit to just go ahead and address the issue despite the waiver but we don't have that situation at all by by counsel's own concession here this is simply you know a run-of-the-mill situation where counsel disagrees with the district court's decision and even if we were to go to the merits of that decision we think that uh that the court should the district court's decision should still be affirmed because the district court we think got the fourth amendment analysis spot on in this case the facts that the officers were aware of gave them reasonable suspicion that mr smith was trespassing they had a report that cars had unknown cars had entered onto a vacant property that was known to be vacant by the neighboring the neighbors in the area the officers went to the scene they saw exactly what this reported described they saw a property that appeared to be clearly abandoned it was a run-down house an overgrown yard it was very dark there was a car with its lights off uh this was consistent with um the officer's own experience of finding properties like this where there would be squatters where there would be potentially drug addicts that were trespassing uh and the officers were were very clearly concerned that this might be possible trespassing so they went to investigate that that that is reasonable under this this court's precedent and nothing during the encounter that the officers did was unreasonable i think there was a point that um really prolong your your opponent's main point on the merits at least an oral argument is that the um terry stop was unreasonably prolonged how do you respond to that your honor i think it wasn't prolonged at all and i would encourage the court to look very carefully at the videos of the stop because what the video shows what these officers were trying to do throughout the entire stop is investigate this trespassing complaint they were trying to they learned some more information about mr smith that he was a convicted felon uh that there were firearms in his vehicle once they had that information they were trying to investigate that suspicious circumstance so there's nothing here that indicates the officers unreasonably prolonged this stop and that council suggested that that the officers conceded that they had no reason to believe that mr smith did anything wrong that that's simply not true if you look at the the portion of the record that he's talking about it was very clear that that what officer was agreeing to is that there was nothing suspicious unless it was trespass that until they found the gun they didn't have any reason to suspect mr smith of other criminal activity but they suspected that he was trespassing that was clear the officer never conceded that he didn't suspect him of any illegal activity he said he suspected him of trespassing and that suspicion was reasonable and they investigated that by trying to determine who was on the property during the course of that investigation they developed further suspicion and uh that's what that's you honestly my time is up for the reasons outlined in our brief we ask the court to affirm the district court's judgment thank you oh sorry i was muted i bet that happens all right i'm um your honors i just want to circle back to just a few things as far as this the argument that this exception would swallow the rule you i respectfully disagree this court has many times held in past cases that it is a rare instance in which the court will consider an iac claim on direct appeal i don't dispute that all right and by arguing that you know allowing it to happen in one instance or finding that iac would be a sufficient basis to excuse a waiver i don't think that opens a floodgate given that are so many instances of iac claims that clearly would be disposed of without the court's consideration of using those claims for finding waivers for instance failure to call witnesses failure to effectively cross-examine those would be given very little consideration most likely by the court as if those were the iac claims that were being raised as an excuse for why the court should should uh set aside the waiver but this is different and as judge moore said i can't think of any legitimate reason why you wouldn't preserve that argument simply by filing objections the district court could just overrule the objections and you proceed to trial i mean it's wouldn't if we were more limited if we said this would if we allowed an iac claim for failure to file objections to an r&r in a criminal case wouldn't that rule have to apply to every time a council an exception that's more narrow than that and say that in in certain instances the iac claim may serve as a waiver where there's no sufficient or discernible basis for professional discretion as to the underlying basis of the iac claim i think that the court could craft an exception that's more narrow as opposed to saying any and all iac claims um you know may serve as a basis i think it could be a more narrow exception your honor um how do we do how do we do that where we don't know why the the uh the lawyer didn't file an objection i mean i i judge moore puts forth a very interesting hypothetical about maybe he just missed the deadline and if if we had those facts and that became then the basis for for a very narrow holding that's one thing but we don't have any facts upon which to base it other than there's an argument that that there there was a good claim here on the merits which requires you then to address the merits in every these cases well i think at least in this case i think that the merits um are reflective of of the deficiency of counsel and if i could just for instance turn that around so you have a district court who who rules against the client on the motion to suppress and he essentially relies on context-based factors and there's no mention of the fact that the officer said and i'm quoting the officers i know that my brother counsel i may disagree about the import of the testimony but the officer says quote there was really no indication that any illegality was happening there that was after this is five minutes into the clock so you know i think that when you when you but the problem with that is that at that point most of the time was spent looking for the squatter that todd said was uh for that uh that uh smith said was in the house and then the next series of time was spent looking for the woman that was supposedly urinating in the woods that drove that supposedly drove the car with the uh with the guns and then all the police officer does is he walks by and shines a flashlight there's no law that says you can't shine flashlights in cars matter of fact we got dozens of cases that say you can and before he acts upon that knowledge that he saw the gun your client admits there's guns in the car well your honor the way i would respond to that is number one rather you know rather than me either justifying what the police should have done or didn't do the officer's testimony is there was nothing illegal going on this is five minutes into the search later on he says well anytime i'm involved in a search i just like to look around i mean that sounds to me like the absolute basis of an inarticulable or a nondescript uh suspicion for no basis he just i just like to look around and see if i can find anything is that is there is there any dispute that some measure of this time was spent looking for the squatter that your client said was in the house i don't dispute that that happened that was about five minutes into the about five minutes into the stop but my problem is what when you look at the record you have the first two minutes in and they stop and if the if the reason for the stop is they suspected that my client was either homeless or a squatter that that belief was quickly dispelled within two and a half minutes so then the question is how do you get to five minutes and then six minutes and then 11 minutes and the officer says on the stand i mean i think the court should accept the officer's testimony at face value when he says there was nothing illegal going on i see that i'm out of time unless the court has any questions for me i guess i'll end there on my briefs and ask that the court reversed for the reasons i made today any further questions no we thank you we thank you um both for your argument and mr desi i see that you're appointed pursuant to the criminal justice act and we thank you for your representation of your client in the interest of justice thank you both and the case will be submitted and you may disconnect from the courtroom thank you your honors